[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13613
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00169-MHT-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES TIMOTHY TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 15, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Timothy Turner was convicted of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; one count of passing a false and fictitious instrument, in violation of 18 U.S.C. § 514(a)(2); five counts of aiding and abetting the passing of a false and fictitious instrument, in violation of 18 U.S.C. §§ 2, 514(a)(2); one count of attempting to interfere with the administration of the internal revenue laws of the United States, in violation of 26 U.S.C. § 7212(a); one count of wilful failure to file a tax return, in violation of 26 U.S.C. § 7203; and one count of giving false testimony under oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2).  He appeals pro se the district court's denial of his pre-trial motion to dismiss for lack of jurisdiction.  He also challenges for the first time on appeal the sufficiency of the judgment against him.

## I.    Jurisdictional Argument

Turner first argues that the district court erred in failing to stay the proceedings to require the government to prove beyond a reasonable doubt that the court had jurisdiction over his case.  We review a claim for the dismissal of an indictment for lack of jurisdiction de novo.  *See United States v. Sharpe*, 438 F.3d 1257, 1258 (11th Cir. 2006).  Dismissal is improper if "the factual allegations in the indictment, when viewed in the light most favorable to the government, were sufficient to charge the offense as a matter of law."  *Id.* at 1258–59 (internal quotation marks omitted).

2

United States federal district courts have original and exclusive jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. If an indictment alleges conduct constituting a federal offense, the district courts have jurisdiction. *See United States v. McIntosh*, 704 F.3d 894, 902–03 (11th Cir. 2013).

Here, Turner was charged with several offenses against the United States, including, but not limited to, violations of 18 U.S.C. § 371 (conspiracy to defraud the United States); 18 U.S.C. § 514 (presenting fictitious financial obligations); and 18 U.S.C. § 152(2) (making a false statement under oath in a bankruptcy proceeding). Turner's jurisdiction argument fails.

## II. Insufficient Judgment

Second, Turner argues that the judgment was insufficient, as it was not authenticated with the court's impressed seal and signed by the clerk of court. He acknowledges that he did not raise this argument before the district court.

We review objections raised on appeal that were not timely raised in the district court for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993). Plain error review requires that we find "an 'error' that is 'plain' and that 'affects substantial rights.'" *Olano*, 507 U.S. at 732, 113 S. Ct. at 1776. The "plain" requirement means that, "[a]t a

3

minimum, [we] cannot correct an error . . . unless the error is clear under current law." *Id.* at 734, 113 S. Ct. at 1777.

> Pursuant to Fed. R. Crim. P. 32(k)(1), a judgment of conviction must
>
> set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it.

Fed. R. Crim. P. 32(k)(1). Here, the judgment stated that Turner pled not guilty, that the jury found him guilty on all counts of the indictment, and that he was adjudicated guilty of the offenses charged in the indictment, which it enumerated. It also stated the sentence imposed by the court, was signed by the judge, and was entered into the docket. As a result, it was sufficient under Fed. R. Crim. P. 32(k)(1). No current law requires that a judgment issued in a federal criminal case be sealed or signed by the clerk of court. Here, there is no error, plain or otherwise.

Accordingly, Turner's convictions are **AFFIRMED.**

4